IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PHYSICIAN ENDORSED LLC,    :
                           :
        Plaintiff,         :
                           :
    v.                     : Civil Action No. 04-894 JJF
                           :
JEFFREY CLARK,             :
                           :
        Defendant.         :

Steven L. Caponi, Esquire of BLANK ROME LLP, Wilmington Delaware.
Of Counsel: Timothy D. Pecsyenye, Esquire and Dennis McCooe, Esquire of BLANK ROME LLP, Philadelphia, Pennsylvania.

Sean T. O'Kelly, Esquire of CROSS & SIMON, LLC, Wilmington, Delaware.
Of Counsel: Daniel P. Maguire, Esquire of Davis, California.
Attorney for Defendant.

**MEMORANDUM OPINION**

June 27, 2005
Wilmington, Delaware

Farnan, District Judge.

Presently before the Court is a Motion To Dismiss For Lack Of Personal Jurisdiction (D.I. 9) filed by Defendant Jeffrey Clark. For the reasons discussed, the motion will be granted.

## BACKGROUND

This is an action for damages allegedly caused by Mr. Clark's tortious interference with a contractual relationship and for a declaratory judgment of noninfringement and invalidity of U.S. Patent No. 5,845,338 (the '338 patent). Subject matter jurisdiction is undisputed. Personal jurisdiction is contested, and is the subject of the instant motion.

Plaintiff, Physician Endorsed, is an importer and wholesaler of fashion hats. Physician Endorsed is incorporated pursuant to the laws of Delaware and has its principal place of business in Broomfield, Colorado. Defendant, Jeffrey Clark, is a California citizen residing in Sacremento, California. Mr. Clark is the inventor and owner of the '338 patent.

Physician Endorsed sells its hats to retailers such as Hammacher Schlemmer, which resells one of Physician Endorsed hats as the "zip-away hat." On June 3, 2004, through his counsel, Mr. Clark sent a letter to Hammacher Schlemmer alleging that the "zip-away hat" infringes claims 1 and 2 of the '338 patent. In his letter, Mr. Clark asked Hammacher Schlemmer to either stop selling the hat and pay royalties for past sales, or negotiate a license covering both past and future sales. On June 29, 2004, Hammacher Schlemmer

notified Physician Endorsed of Mr. Clark's June 3 letter and informed them that Hammacher Schlemmer would discontinue sales of the "zip-away hat" until Physician Endorsed resolved the issue.

On July 23, 2004, Physican Endorsed filed this lawsuit. In addition to alleging damages for tortious interference of its contract with Hammacher Schlemmer, Physician Endorsed's Complaint (D.I. 1) alleges that the accused hat does not infringe the '338 patent because a fabric band portion of the accused hat is symmetrical, not tapered as the patent requires. Further, the Complaint alleges the '338 patent is invalid and unenforceable because the invention was obvious in view of the prior art.

By his Motion (D.I. 9), Mr. Clark moves to dismiss the Complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2).

## DISCUSSION

### I. Standard Of Law

When reviewing a motion to dismiss pursuant to Rule 12(b)(2), a court must accept as true all allegations of jurisdictional fact made by the plaintiff and resolve all factual disputes in the plaintiff's favor.

### II. Discussion

A. <u>Parties' Contentions</u>

Mr. Clark contends that there is no basis for general or specific jurisdiction over him in Delaware. Mr. Clark contends that the Court does not have general personal jurisdiction over him

because he has no contacts with Delaware. Specifically, Mr. Clark argues that he is a lifelong resident of California, has never been in Delaware, has no connections to Delaware, has never sold his patented visor/cap in Delaware, and has never solicited business from Delaware. Mr. Clark further contends that Delaware's Long Arm statute, 10 De. C. § 3014(c)(3), does not reach him because he was not in Delaware when he sent the cease-and-desist letter to Hammacher Schlemmer. Further, Mr. Clark argues that, at the time he sent the cease-and-desist letter to Hammacher Schlemmer, he did not know that Physician Endorsed existed. Finally, Mr. Clark contends that, because he did not expressly aim his alleged tortious conduct at Delaware, Delaware cannot be the focal point of any tortious activity for any jurisdictional analysis.

In its Answering Brief (D.I. 12), Physician Endorsed contends that, by sending the cease and desist letter, Mr. Clark sought to profit from every sale of the accused hat anywhere in the country, thus putting him in the reach of Delaware's Long Arm statute. Physician Endorsed further contends that dismissal of this lawsuit would be tantamount to granting the patentee a forum-selection privilege that overrides a plaintiff's choice of forum. Further, Physician Endorsed contends that Delaware has an interest in protecting the property rights of its citizens and in discouraging injuries that occur within the state. Physician Endorsed also seeks the opportunity to conduct jurisdictional discovery.

B.  Legal Standard

Once a jurisdictional defense has been raised, the plaintiff bears the burden of establishing with reasonable particularity that sufficient minimum contacts have occurred between the defendant and the forum state to support jurisdiction. Provident Nat'l Bank v. California Fed. Sav. & Loan Assoc., 819 F.2d 434, 437 (3d Cir. 1987). To establish personal jurisdiction, a party must allege facts sufficient to satisfy two requirements, one statutory and one constitutional. See Reach & Assoc., P.C. v. Dencer, 269 F. Supp. 2d 497, 502 (D. Del. 2003). With regard to the statutory requirement, the Court must determine whether there is a statutory basis for jurisdiction under the forum state's long arm statute. Id. As for the constitutional basis, the Court must determine whether the exercise of jurisdiction comports with the defendant's right to due process. Id. (citations omitted).

Applying these principles in light of the standard of review provided for in Federal Rule of Civil Procedure 12(b)(2), the Court will grant Mr. Clark's Motion because Physician Endorsed has failed to allege facts sufficient to support the Court's exercise of personal jurisdiction over Mr. Clark.

C.  Whether Physician Endorsed Alleges Facts Sufficient To Satisfy The Delaware Long-Arm Statute

According to the relevant portions of Delaware's Long-Arm Statute, 10 Del. C. § 3104, a court may exercise jurisdiction over any nonresident who:

>    (1) Transacts any business or performs any character of
>    work or service in the State; . . .
>    (3) Causes tortious injury in the State by an act or
>    omission in this State;
>    (4) Causes tortious injury in the State or outside of the
>    State by an act or omission outside the State if the
>    person regularly does or solicits business, engages in
>    any other persistent course of conduct in the State or
>    derives substantial revenue from services, or things used
>    or consumed in the State . . . .

10 Del. C. § 3104(c).

The Court concludes that Physician Endorsed has failed to allege facts sufficient to support the Court's exercise of personal jurisdiction over Mr. Clark pursuant to Delaware's long-arm statute for several reasons. First, the Court concludes that section 3104(c)(1) of the Delaware Long-Arm statute is inapplicable in these circumstances because Physician Endorsed has offered no evidence that Mr. Clark transacts any business in Delaware or performs any type of work or service in the state. In sending his warning letter coupled with an offer to negotiate a license, Mr. Clark at most solicited business from Hammacher Schlemmer in New York. Thus, the Court cannot agree with Physician Endorsed's argument that Mr. Clark's intent to profit from Hammacher Schlemmer's hat sales in Delaware is sufficient to satisfy the plain language of the Delaware statute, which requires that he "transact[] business or perform[] any character of work of service" in Delaware. Thus, the Court concludes that it cannot exercise personal jurisdiction over Mr. Clark pursuant to section 3401(c)(1) of the Delaware Long-Arm statute.

Next, the Court concludes that Physician Endorsed has failed to

allege facts that Mr. Clark committed a tortious act or omission in the state of Delaware as section 3104(c)(3) of the long-arm statute requires. Mr. Clark sent the cease and desist letter from California to Hammacher Schlemmer in New York. Thus, the Court concludes that Mr. Clark performed no act or omission in the state of Delaware that resulted in the alleged tortious injury to Physician Endorsed. Thus, the Court concludes that it cannot exercise personal jurisdiction over Mr. Clark pursuant to section 3401(c)(3) of the Delaware Long-Arm statute.

Finally, the Court concludes that the exercise of personal jurisdiction pursuant to section 3104(c)(4) of Delaware's Long-Arm statute is not proper. Mr. Clark as an individual is not alleged to have engaged in any conduct in Delaware, let alone the high standard of a "persistent course of conduct" required under Subsection (c)(4). Physician Endorsed has alleged no facts that Mr. Clark regularly does or solicits business in Delaware, engages in any other persistent course of conduct in the state, or derives substantial revenue from services or things used or consumed in Delaware.

Rather, Physician Endorsed seeks to distinguish the circumstances in this case from those in <u>Hildebrand v. Steck Manufacturing Co., Inc.</u>, where the Federal Circuit held that a cease-and-desist letter leading to a cancelled contract did not amount to tortious conduct in a forum. 279 F.3d 1351 (Fed. Cir. 2002). The Federal Circuit explained that, because a potential infringer that has received actual notice of another's patent rights has an

7

affirmative duty to determine whether he is infringing before the initiation of any possible infringing activity, the cancellation of a contract results from an effort to follow the law, not from tortious contact with the forum by the patentee. Id. at 1355. In the circumstances of this case, Physician Endorsed argues that it obtained legal counsel to review the patent and gave Mr. Clark reasons why Physician Endorsed does not believe its product infringes Mr. Clark's patent. Thus, Physician Endorsed contends that Mr. Clark's refusal to withdraw its cease-and desist demands after receiving Physician Endorsed's letter constitutes tortious conduct that meets section 3104(c)(4)'s requirements.

Even if the Court agreed with Physician Endorsed's argument that Mr. Clark's conduct was somehow tortious, Physician Endorsed has failed to allege facts that Mr. Clark engages in any persistent course of conduct in Delaware that would allow the Court to exercise personal jurisdiction over him. Thus, the Court concludes it cannot exercise personal jurisdiction over Mr. Clark pursuant to section 3401(c)(4) of the Delaware Long-Arm statute.

For these reasons, the Court concludes that Physician Endorsed has failed to allege facts sufficient to satisfy the Delaware long-arm statute as a basis for the Court's personal jurisdiction over Mr. Clark.

D.  Whether Physician Endorsed Alleges Facts Sufficient To Satisfy Constitutional Due Process Requirements

After reviewing the facts in light of the applicable principles,

the Court concludes that the exercise of personal jurisdiction in this case does not comport with due process. Due process requires that a defendant have certain minimum contacts with the forum state in order to ensure that the maintenance of the lawsuit does not offend "traditional notions of fair play and substantial justice." Int'l Shoe Co. v. State of Wash., Office of Unemployment Compensation and Placement, 326 U.S. 310, 316 (U.S. 1945). If the defendant has sufficient minimum contacts with the forum, the Court must then determine whether it is reasonable for the Court to exercise jurisdiction over the defendant. In making this determination, courts weigh several factors, including:

> (1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interests in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies.

Metropolitan Life Ins. v. Robertson-Ceco Corp., 84 F.3d 560, 568 (2d Cir. 1996) (citing Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 107 (1987)).

The Court agrees with the plaintiff that Delaware may have an interest in adjudicating this case because the plaintiff, Physician Endorsed, is a Delaware corporation. However, because Physician Endorsed has failed to show that Mr. Clark had any contacts whatsoever with the state of Delaware, the Court concludes that the exercise of personal jurisdiction over Mr. Clark would offend the due

process principles of fair play and substantial justice.

## CONCLUSION

For the reasons discussed, the Court concludes that Mr. Clark is not subject to personal jurisdiction in Delaware and, therefore, his Motion To Dismiss For Lack Of Personal Jurisdiction (D.I. 9) will be granted.

An appropriate Order will be entered.